STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GUISEPPE LIBRIZZI, PLAINTIFF IN ERROR.

Argued May 2, 1928—Decided November 14, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the plaintiff in error, *Gaetano M. Belfatto* and *Homer D. Smith.*

For the defendant in error, *Joseph L. Smith,* prosecutor of the pleas, and *Simon L. Fisch,* first assistant prosecutor of the pleas.

PER CURIAM.

The defendant was indicted by the grand jury of Essex county, the indictment in the first count charging assault and battery upon Helen Stanchwicz, and in the second count charging carnal abuse.

The jury found "the defendant guilty in manner and form as is set forth in the indictment," and the defendant sued out this writ of error.

The first point seems to relate to testimony given by Dr. Mitchell, the state's witness, as to the physical condition of the child after the assault. We think the testimony was proper.

The second point is that the child delayed complaining to her mother until long after the assault. Of course there is no error here. The delay affected the weight and value of the testimony, but did not affect its competency. *State* v. *Schaffer,* 87 *N. J. L.* 663.

The next point seems to relate to the refusal of the trial judge to admit a certificate as to the child's age. We think that certificate was technically defective and justified the judge in excluding it; but, however that may be, here there was a general verdict of guilty, and the conviction must be sustained if there was evidence justifying a conviction of assault and battery, and an appropriate sentence therefor, regardless of the age of the girl. There was such evidence, and an appropriate sentence, and consequently the exclusion of the certificate, if erroneous, does not justify a reversal. *State* v. *Huggins,* 84 *N. J. L.* 254.

The other objections seem to relate to the admission and rejection of testimony. We have examined the various objections and find no merit in them.

The judgment will be affirmed.